**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

CASE NO:  2:26-cv-2277-RMG

ANGELICA ALBERTI, individually,
and on behalf of herself and
all others similarly situated,

     Plaintiff,

     v.

REPUBLIC REIGN, LLC, a
South Carolina limited liability company,
d/b/a REPUBLIC GARDEN AND LOUNGE,

     Defendant.

_____/

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, ANGELICA ALBERTI ("Alberti" or "Plaintiff"), on behalf of herself and all others similarly situated, pursuant to 29 U.S.C. § 216(b), files this Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, REPUBLIC REIGN, LLC, a South Carolina limited liability company doing business as Republic Garden and Lounge ("Defendant" or "Republic Garden"), and alleges as follows:

**INTRODUCTION**

1. Defendant owns and operates Republic Garden and Lounge, located at 462 King Street, Charleston, South Carolina 29403. During the three (3) years preceding the filing of this Collective Action Complaint, Defendant employed Bartenders and failed to pay these hard-working individuals applicable minimum wages. Plaintiff brings these claims as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of herself and all

1

other Bartenders who work or have worked at Republic Garden and Lounge during the applicable statute of limitations.

2.      Defendant committed federal wage violations because it: (1) compensated Plaintiff and all other Bartenders at a reduced sub-minimum wage of $2.13 per hour but failed to provide them with the statutorily required notice of its intent to rely upon a tip credit; (2) required Plaintiff and all other Bartenders to participate in an unlawful tip pool that included managers and supervisors who exercised general operational control; (3) unlawfully retained a portion of Bartenders' earned tips by assessing a Credit Card Tip Fee that was deducted directly from Bartenders' tip distributions before those distributions were received by Bartenders; (4) required Plaintiff and all other Bartenders to perform non-tip-producing and directly supporting duties exceeding 20% of their workweek while paying a tip-credit wage; (5) required Plaintiff to complete an unpaid six-hour audition shift before receiving a formal offer of employment; and (6) terminated Plaintiff after she submitted a verbal complaint objecting to the unlawful tip-sharing arrangement, in direct violation of the FLSA's anti-retaliation provisions.

3.      As a result, Plaintiff and all similarly situated Bartenders have been denied federal minimum wages and hard-earned tips during various workweeks within the relevant time period and are entitled to recover this compensation.

## PARTIES

4.      During all times material hereto, Plaintiff, Alberti, was a resident of Charleston County, South Carolina, over the age of 18 years, and otherwise sui juris.

5.      Plaintiff, Alberti, and the FLSA Bartender Collectives are/were Bartenders who worked for Defendant within the last three (3) years at Republic Garden and Lounge, located at 462 King Street, Charleston, South Carolina 29403.

2

6.    The proposed Bartender Collective members worked for Defendant in the same capacity as Plaintiff, Alberti, in that they were Bartenders employed by Defendant and were subject to the same practices and policies enforced by Defendant at Republic Garden and Lounge.

7.    Plaintiff seeks certification of four (4) collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

**Bartender Tip Credit Notice Collective: All Bartenders who worked for Defendant at Republic Garden and Lounge in South Carolina during the previous three (3) years who were paid a direct cash wage of less than minimum wage.**

**Bartender Tip Pool Collective: All Bartenders who worked for Defendant at Republic Garden and Lounge in South Carolina during the previous three (3) years who were required to share any portion of their tips with managers or supervisors.**

**Bartender Credit Card Tip Fee Collective: All Bartenders who worked for Defendant at Republic Garden and Lounge in South Carolina during the previous three (3) years whose tip distributions were subject to a Credit Card Tip Fee or similar house deduction retained by Defendant.**

**Bartender 80/20 Collective: All Bartenders who worked for Defendant at Republic Garden and Lounge in South Carolina during the previous three (3) years who were paid a tip-credit wage and required to perform non-tip-producing or directly supporting duties exceeding 20% of their workweek.**

8.    The precise size and identity of each collective will be ascertainable from the business records, payroll records, and personnel records of Defendant. Plaintiff estimates that the total number of members in each collective exceeds twenty (20) Bartenders.

9.    During all times material hereto, Defendant, Republic Reign, LLC, was a South Carolina limited liability company operating and transacting business within Charleston County, South Carolina, within the jurisdiction of this Honorable Court. Defendant may be served through its registered agent, Lamar A. Bonaparte Jr., at 462 King Street, Charleston, South Carolina 29403.

10.    During all times material hereto, Defendant owned, operated, and controlled Republic Garden and Lounge, located at 462 King Street, Charleston, South Carolina 29403.

3

11.     Defendant was the "employer" of Plaintiff and all members of the putative Collectives as that term is defined by the FLSA during all times pertinent to the allegations herein.

12.     During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of Republic Garden and Lounge.

13.     Defendant implemented uniform pay and tip practices at Republic Garden and Lounge that applied to all Bartenders.

## JURISDICTION AND VENUE

14.     This action is brought under 29 U.S.C. § 216(b) to recover damages, reasonable attorney's fees, and reimbursable costs from Defendant.

15.     The acts and/or omissions giving rise to this dispute took place within Charleston, South Carolina, which falls within the jurisdiction of this Honorable Court.

16.     Defendant regularly transacts business in Charleston, South Carolina, where it developed, implemented, and enforced the unlawful policies and practices alleged herein, and jurisdiction is therefore proper.

17.     Venue is proper within the Charleston Division of the District of South Carolina.

## FLSA COVERAGE

18.     Defendant is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two or more employees engaged in commerce or in the production of goods for commerce, or two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

4

19.     During all time periods pertinent hereto, Defendant's employees regularly handled goods and materials such as food, beverages, spirits, beer, wine, glassware, bar tools, napkins, silverware, straws, condiments, garnishes, cleaning supplies, paper products, credit card processors, computers, receipts, pens, uniforms, and other goods and materials that had previously travelled through interstate commerce.

20.     Defendant had gross annual revenues in excess of $500,000.00 during the relevant time period.

## GENERAL ALLEGATIONS

### A.     Plaintiff's Employment and Compensation

21.     Plaintiff, Alberti, was employed by Defendant as a Bartender at Republic Garden and Lounge from approximately May 12, 2025 through November 2, 2025.

22.     Throughout her employment, Plaintiff worked approximately 30 hours per week.

23.     Defendant compensated Plaintiff and all other Bartenders at a rate of $2.13 per hour — the federal tipped minimum wage — plus tips.

24.     Plaintiff's duties included making cocktails, handling cash receipts, engaging with customers, and cleaning the bar, among other duties.

25.     Plaintiff and all other Bartenders were non-exempt employees entitled to receive at least the federal minimum wage of $7.25 per hour for each hour worked.

### B.     Defendant Fails to Provide Sufficient Notice of the Tip Credit to Bartenders

26.     Defendant hired Bartenders to work at Republic Garden and Lounge and paid them $2.13 per hour, attempting to credit a portion of the tips earned by those Bartenders toward its federal minimum wage obligations under the FLSA's tip-credit provision.

27.     However, Defendant failed to provide Plaintiff or any other Bartender with the statutorily required tip-credit notice under 29 U.S.C. § 203(m)(2)(A) and 29 C.F.R. § 531.59(b).

28.     Specifically, Defendant failed to inform Plaintiff and other Bartenders of: (a) the cash wage to be paid; (b) the amount of the tip credit to be claimed; (c) that tips belong to the employee except for participation in a valid tip pool; and (d) that the tip credit would not apply unless all statutory prerequisites were satisfied.

29.     Plaintiff was not provided notice of the tip credit at the inception of her employment or at any point thereafter — neither orally nor in writing.

30.     Defendant did not: (1) provide the full statutorily required tip credit notice under federal law to Bartenders; or (2) pay the full federal minimum wage for each hour worked by Bartenders.

31.     Absent proper tip-credit notice, Defendant was not eligible to take a tip credit for any hours worked by Plaintiff or other Bartenders, entitling them to the full federal minimum wage of $7.25 per hour for each such hour.

**C.     Defendant Requires Bartenders to Participate in an Unlawful Tip Pool**

32.     Defendant implemented and regularly enforced a policy requiring all Bartenders, including Plaintiff, to surrender their earned tips into a mandatory bartender tip pool.

33.     The pooled tips were redistributed to employees based on hours worked.

34.     Included in the bartender tip pool were other bartenders, and bar managers.

35.     Plaintiff is certain that bar managers participated in the tip pool and received distributions from it.

36.     The bar manager at Republic Garden and Lounge was salaried and held hiring and firing authority over Bartenders and general operational control over the establishment.

37.     Managers and supervisors at Republic Garden and Lounge had the authority to cut Bartenders and other staff from the floor during shifts. These individuals: (a) were compensated on a salary or hourly basis at a rate above the applicable threshold; (b) had a primary duty of managing the establishment or a customarily recognized department or subdivision thereof; (c) customarily and regularly directed the work of two or more other employees, including Bartenders, during their shifts; and (d) had the authority to hire or fire other employees, or whose suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were given particular weight by management, including the authority to cut Bartenders and other staff from the floor during shifts, assign duties, and determine the pace and priorities of bar operations.

38.     Under 29 U.S.C. § 203(m)(2)(B), an employer may not keep employees' tips or allow managers or supervisors to receive any portion of those tips, regardless of whether the employer takes a tip credit.

39.     The bar manager and supervisors who participated in the tip pool qualify as managers and/or supervisors under 29 C.F.R. §531.52(b)(2).

40.     The inclusion of managers and supervisors in the mandatory bartender tip pool constitutes an express violation of 29 U.S.C. § 203(m)(2)(B), independently defeats the tip credit for all affected hours, and entitles Plaintiff and all collective members to the full minimum wage for each affected hour, plus recovery of all tips unlawfully redistributed to ineligible participants.

41.     This tip pool requirement was not optional. Bartenders were not permitted to work unless they complied with Defendant's tip policy.

42.     Plaintiff and other Bartenders did not voluntarily surrender these tips.

**D.     <u>Defendant Retains a Portion of Bartenders' Earned Tips Through an Unlawful House Fee</u>**

43. In addition to the unlawful tip pool described in Section C above, Defendant separately reduced the tips received by Plaintiff and other Bartenders by assessing a fee labeled "CC Tip Fee" that was deducted directly from Bartenders' tip distributions before those distributions were received by Bartenders.

44. The CC Tip Fee was not a redistribution of tips to other eligible tipped employees. It was a deduction extracted from Bartenders' earned gratuities before they reached the Bartender to whom those tips belonged.

45. Plaintiff's tip portal records reflect a CC Tip Fee deduction of $102.41 during the pay period of October 13 through October 26, 2025, which reduced her net tip distribution from $2,560.43 to $2,458.02 before taxes.

46. The CC Tip Fee deduction was not a voluntary contribution by Plaintiff or any other Bartender. It was assessed by Defendant and applied to Bartenders' tip distributions without their consent.

47. Plaintiff is informed and believes, and thereon alleges, that the CC Tip Fee deduction was assessed uniformly against all Bartenders whose tips were processed through Defendant's tip distribution system during the relevant period.

48. Under 29 U.S.C. § 203(m)(2)(B), an employer may not keep any portion of its employees' tips for any purpose, regardless of whether the employer takes a tip credit.

49. By extracting the CC Tip Fee from Bartenders' tip distributions before those distributions were received, Defendant kept a portion of Bartenders' earned tips in direct violation of 29 U.S.C. § 203(m)(2)(B).

50. This violation is independent of and separate from the unlawful manager participation in the tip pool described in Section C. Even if every participant in the tip pool were

8

an otherwise eligible tipped employee, Defendant's extraction of the CC Tip Fee from Bartenders' earned gratuities would independently constitute a violation of 29 U.S.C. § 203(m)(2)(B).

51.    Because Defendant took a tip credit under 29 U.S.C. § 203(m)(2)(A), it may only credit against its minimum wage obligations the tips Plaintiff and other Bartenders actually received. By reducing the tips Plaintiff and other Bartenders actually received through the CC Tip Fee deduction, Defendant independently defeated the tip credit for each pay period in which the fee was assessed, entitling Plaintiff and all collective members to the amount of the improperly deducted CC Tip Fee and the full federal minimum wage of $7.25 per hour for all hours worked during those pay periods.

52.    The full amount of CC Tip Fee deductions assessed against Plaintiff and other Bartenders during the relevant period is ascertainable from Defendant's payroll records, tip portal records, and tip distribution reports, and will be established through discovery.

**E.    Defendant Requires Bartenders to Perform Excessive Non-Tip-Producing Side Work**

53.    Defendant required Plaintiff and all other Bartenders to perform non-tip-producing and directly supporting duties while being paid the tip-credit rate of $2.13 per hour.

54.    These duties included, but were not limited to: opening and closing side work, stocking the bar, cleaning, polishing glassware, restocking condiments and supplies, sweeping, and wiping down bar tops and tables.

55.    Plaintiff performed approximately 45 minutes of such side work each workday.

56.    At approximately five shifts per week, Plaintiff performed approximately 3.75 hours of side work per week out of an approximately 30-hour workweek.

57.    Under 29 C.F.R. § 531.56(e), an employer may not take a tip credit for time spent on work that is not part of the tipped occupation, and may not take a tip credit for directly supporting work if it exceeds 20% of the workweek.

58.    Defendant cannot claim a tip credit for hours during which Plaintiff and other Bartenders performed side work, and Plaintiff and all collective members are entitled to the full federal minimum wage for all such affected hours.

59.    The same side work requirements applied uniformly to all Bartenders employed by Defendant.

**F.    Defendant Required Plaintiff to Complete an Unpaid Audition Shift**

60.    Before receiving a formal offer of employment, Plaintiff — like other Bartenders employed by Defendant — was required to complete an unpaid six-hour "audition" shift from approximately 9:00 p.m. to 3:00 a.m. on a Friday or Saturday night.

61.    During this audition shift, Plaintiff performed work for the direct benefit of Defendant, including bartending, making drinks, engaging with customers, and performing bar duties.

62.    This audition shift constitutes compensable work time under the FLSA because Defendant suffered or permitted Plaintiff to work during these hours. See 29 C.F.R. § 785.11.

63.    The fact that Plaintiff had not yet received a formal offer of employment does not relieve Defendant of its obligation to compensate Plaintiff for time spent performing productive work for Defendant's benefit.

64.    Plaintiff was entitled to receive at least the federal minimum wage per hour for each of the six hours she worked during the unpaid audition shift.

**G.    Defendant Retaliates Against Plaintiff for Complaining About FLSA Violations**

65.    For approximately 1.5 months prior to her termination, Plaintiff raised verbal complaints about the unlawful inclusion of managers in the mandatory bartender tip pool.

66.    Plaintiff complained to management that sharing tips with managers and supervisors was unlawful and advised that she intended to report this practice to the CEO.

67.    Plaintiff's verbal complaints about the unlawful tip pool constitute protected activity under 29 U.S.C. § 215(a)(3).

68.    The morning before her scheduled meeting with the CEO to discuss the tip pool structure, Plaintiff was fired.

69.    No disciplinary action had been taken against Plaintiff prior to her complaint. Plaintiff had not received any reprimands, suspensions, or other disciplinary action during her employment with Defendant.

70.    The temporal proximity between Plaintiff's protected activity and her termination is unusually strong and, standing alone, is sufficient to establish a causal connection between Plaintiff's protected activity and her termination.

71.    Any other justification for Plaintiff's termination provided by Defendant is mere pretext.

72.    As a direct and proximate result of Defendant's retaliatory termination, Plaintiff has suffered lost back wages, lost front wages, and damages arising from emotional distress, embarrassment, and humiliation.

## COUNT I – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (On Behalf of Alberti and the Bartender Tip Credit Notice Collective)

73.    Plaintiff, Alberti, hereby re-alleges and re-avers Paragraphs 1 through 72 as though set forth fully herein.

74.     Plaintiff, Alberti, and all other similarly situated Bartenders are/were entitled to be paid the full federal minimum wage in one or more workweeks for certain hours worked during their employment with Defendant.

75.     Defendant claimed a tip credit under federal law for each hour of work Plaintiff, Alberti, and all other Bartenders performed during all times material hereto.

76.     Defendant attempted to rely on the FLSA's tip credit but failed to provide Plaintiff, Alberti, and all other Bartenders with requisite verbal or written notice of the tip credit required under federal law.

77.     Plaintiff, Alberti, and the putative collective of Bartenders are therefore entitled to receive the full federal minimum wage at the rate of $7.25 per hour for every hour of work within the previous three (3) years.

78.     Plaintiff, Alberti, and the proposed Bartender Tip Credit Notice Collective members were subjected to similar violations of federal law as a result of Defendant claiming a tip credit without providing Bartenders sufficient notice of the tip credit under federal law.

79.     Pursuant to 29 U.S.C. § 216(b), Plaintiff, Alberti, seeks to recover federal minimum wages for herself and the following similarly situated Bartender Tip Credit Notice Collective:

> **Bartender Tip Credit Notice Collective: All Bartenders who worked for Defendant at Republic Garden and Lounge in South Carolina during the previous three (3) years who were paid a direct cash wage of less than minimum wage.**

80.     Defendant willfully failed to pay Plaintiff, Alberti, and the putative Bartender Tip Credit Notice Collective members the full federal minimum wage for one or more weeks of work.

81.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, Alberti, and the Bartender Tip Credit Notice Collective members have been damaged in

12

the loss of federal minimum wages for one or more weeks of work during their employment with Defendant.

82.     Defendant has been in operation for several years and therefore knew or should have known about the FLSA's tip credit notice requirement.

83.     Defendant also knew or should have known about the FLSA's prohibition against taking a tip credit without complying with the FLSA's tip credit notice requirement.

84.     The Defendant had an obligation to investigate and review its policies concerning compliance with rules and regulations concerning the tip credit notice requirement's effect on payment of employees' wages and tips.

85.     Information concerning the applicability of these rules and regulations was publicly available to Defendant for no charge through the Department of Labor's website.

86.     Members of the Bartender Tip Credit Notice Collective brought the regulations to Defendant's attention, but Defendant ignored their complaints.

87.     Defendant either willfully chose not to comply with the FLSA and deliberately failed to pay the Bartender Tip Credit Notice Collective properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FLSA. As a result, Defendant either knew, or showed reckless disregard for, its obligations under the FLSA.

88.     Defendant knew Plaintiff, Alberti, had performed work but willfully failed to pay Plaintiff, Alberti, the full federal minimum wage, contrary to the FLSA.

89.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, Alberti, has been damaged in the loss of federal minimum wages for one or more weeks of work during her employment with Defendant.

13

90.    Defendant's willful and/or intentional violations of law entitle Plaintiff, Alberti, to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, ANGELICA ALBERTI, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, REPUBLIC REIGN, LLC, and award Plaintiff, Alberti, and all others similarly situated: (a) unpaid federal minimum wages to be paid by Defendant; (b) the tip credit unlawfully claimed by Defendant to be paid by Defendant; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

## COUNT II – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (On Behalf of Alberti and the Bartender Tip Pool Collective)

91.    Plaintiff, Alberti, hereby re-alleges and re-avers Paragraphs 1 through 72 as though set forth fully herein.

92.    Plaintiff, Alberti, and all other similarly situated Bartenders are/were entitled to be paid the full federal minimum wage for certain hours worked during their employment with Defendant.

93.    As a result of the illegal tip pool Defendant enforced during the relevant time period — which required Bartenders to share tips with managers and supervisors who exercised hiring and firing authority and operational control — Defendant is not permitted to rely on any tip credit under the FLSA and must pay Plaintiff, Alberti, and similarly situated Bartenders the full federal minimum wage of $7.25 per hour for every hour worked during the past three (3) years.

94.    Moreover, Defendant is liable to Plaintiff, Alberti, and all collective members for the recovery of all tips unlawfully redistributed to ineligible participants, including managers and supervisors.

14

95.     Pursuant to 29 U.S.C. § 216(b), Plaintiff, Alberti, seeks to recover federal minimum wages and unlawfully retained tips for herself and the following similarly situated Bartender Tip Pool Collective:

**Bartender Tip Pool Collective: All Bartenders who worked for Defendant at Republic Garden and Lounge in South Carolina during the previous three (3) years who were required to share any portion of their tips with managers or supervisors.**

96.     Defendant has been in operation for several years and therefore knew or should have known that requiring its Bartenders to share tips with managers and supervisors was illegal and would cause an FLSA minimum wage and tip violation.

97.     The Defendant had an obligation to investigate and review its policies concerning compliance with rules and regulations concerning the legality of its tip sharing practices and policies.

98.     Information concerning the applicability of these rules and regulations was publicly available to Defendant for no charge through the Department of Labor's website.

99.     Defendant either willfully chose not to comply with the tip sharing regulations under the FLSA and deliberately failed to pay the Bartender Tip Pool Collective properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FLSA. As a result, Defendant either knew, or showed reckless disregard for, the pertinent tip sharing regulations under the FLSA.

100.     Defendant knew Plaintiff, Alberti, had been required to surrender portions of her tips to managers and supervisors, but Defendant willfully failed to pay Plaintiff, Alberti, the full federal minimum wage, contrary to the FLSA.

15

101.    Defendant's willful and/or intentional violations of the FLSA entitle Plaintiff, Alberti, and the putative collective members to an additional amount of liquidated, or double, damages.

102.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, Alberti, and the collective members have been damaged in the loss of federal minimum wages and tips for one or more weeks of work.

WHEREFORE, Plaintiff, ANGELICA ALBERTI, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, REPUBLIC REIGN, LLC, and award Plaintiff, Alberti, and all others similarly situated: (a) unpaid federal minimum wages to be paid by Defendant; (b) the tip credit unlawfully taken by Defendant to be paid by Defendant; (c) all tips unlawfully redistributed to ineligible participants to be paid by Defendant; (d) an equal amount of liquidated damages to be paid by Defendant; (e) all reasonable attorney's fees and litigation costs permitted under the FLSA to be paid by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT III – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS AND UNLAWFUL RETENTION OF TIPS
### (On Behalf of Alberti and the Bartender Credit Card Tip Fee Collective)

103.    Plaintiff, Alberti, hereby re-alleges and re-avers Paragraphs 1 through 72 as though set forth fully herein.

104.    Plaintiff, Alberti, and all other similarly situated Bartenders are/were entitled to retain all tips they received during their employment with Defendant, and are/were entitled to be paid the full federal minimum wage for each hour worked during any pay period in which Defendant reduced the tips they actually received through the assessment of a CC Tip Fee or similar house deduction.

105. During the relevant period, Defendant assessed a fee labeled "CC Tip Fee" that was deducted directly from Bartenders' tip distributions before those distributions were received by Bartenders.

106. The CC Tip Fee was not a redistribution of tips to other eligible tipped employees. It was a deduction extracted by Defendant from Bartenders' earned gratuities before they reached the Bartender to whom those tips belonged, and was retained by Defendant for purposes other than distribution to eligible tipped employees.

107. Plaintiff's tip portal records reflect a CC Tip Fee deduction of $102.41 during the pay period of October 13 through October 26, 2025, which reduced her net tip distribution from $2,560.43 to $2,458.02 before taxes. Plaintiff is informed and believes, and thereon alleges, that similar deductions were assessed against all Bartenders whose tips were processed through Defendant's tip distribution system during the relevant period.

108. Under 29 U.S.C. § 203(m)(2)(B), an employer may not keep any portion of its employees' tips for any purpose, regardless of whether the employer takes a tip credit. By extracting the CC Tip Fee from Bartenders' tip distributions before those distributions were received, Defendant kept a portion of Bartenders' earned tips in direct violation of 29 U.S.C. § 203(m)(2)(B).

109. Plaintiff, Alberti, and all members of the Bartender CC Tip Fee Collective are therefore entitled to recover the full amount of all CC Tip Fee deductions extracted from their earned tip distributions, as those amounts belong to the employees as a matter of law and were unlawfully retained by Defendant.

110. Because Defendant took a tip credit under 29 U.S.C. § 203(m)(2)(A), it may only credit against its minimum wage obligations the tips Plaintiff and other Bartenders actually

received. By reducing the tips Plaintiff and other Bartenders actually received through the CC Tip Fee deduction, Defendant independently defeated the tip credit for each pay period in which the fee was assessed, entitling Plaintiff and all collective members to the full federal minimum wage of $7.25 per hour for all hours worked during those pay periods, in addition to recovery of the fee itself.

111.   This count is independent of and separate from Count II. Even if every participant in the tip pool described in Count II were an otherwise eligible tipped employee, Defendant's extraction of the CC Tip Fee from Bartenders' earned gratuities would independently constitute a violation of 29 U.S.C. § 203(m)(2)(B) and independently defeat the tip credit under 29 U.S.C. § 203(m)(2)(A) for each affected pay period.

112.   Pursuant to 29 U.S.C. § 216(b), Plaintiff, Alberti, seeks to recover the unlawfully retained CC Tip Fee deductions and unpaid federal minimum wages for herself and the following similarly situated Bartender Credit Card Tip Fee Collective:

**Bartender Credit Card Tip Fee Collective**: **All Bartenders who worked for Defendant at Republic Garden and Lounge in South Carolina during the previous three (3) years whose tip distributions were subject to a Credit Card Tip Fee or similar house deduction retained by Defendant.**

113.   Defendant has been in operation for several years and therefore knew or should have known that extracting a fee directly from Bartenders' earned tip distributions before those distributions were received by Bartenders constituted an unlawful retention of employee tips in violation of the FLSA.

114.   The Defendant had an obligation to investigate and review its tip distribution practices and policies for compliance with the FLSA's prohibition on employer retention of employee tips.

18

115.    Information concerning the applicability of these rules and regulations was publicly available to Defendant for no charge through the Department of Labor's website.

116.    Defendant either willfully chose not to comply with the FLSA and deliberately retained a portion of Bartenders' earned tips through the CC Tip Fee deduction, or failed to make an adequate inquiry into whether its conduct was in compliance with the FLSA. As a result, Defendant either knew, or showed reckless disregard for, its obligations under the FLSA.

117.    Defendant knew that Plaintiff, Alberti, and other Bartenders had earned tips that were being reduced by the CC Tip Fee deduction before distribution, but willfully failed to remit those amounts to Plaintiff and other Bartenders and willfully failed to pay the full federal minimum wage for hours worked during affected pay periods, contrary to the FLSA.

118.    Defendant's willful and/or intentional violations of the FLSA entitle Plaintiff, Alberti, and all putative Bartender CC Tip Fee Collective members to an additional amount of liquidated, or double, damages.

119.    As a direct and proximate result of Defendant's unlawful retention of tips and deliberate underpayment of wages, Plaintiff, Alberti, and the Bartender CC Tip Fee Collective members have been damaged in the loss of earned tips and federal minimum wages for one or more weeks of work during their employment with Defendant.

WHEREFORE, Plaintiff, ANGELICA ALBERTI, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, REPUBLIC REIGN, LLC, and award Plaintiff, Alberti, and all others similarly situated: (a) the full amount of all CC Tip Fee deductions unlawfully retained by Defendant to be paid by Defendant; (b) unpaid federal minimum wages for all hours worked during each pay period in which the CC Tip Fee was assessed to be paid by Defendant; (c) the tip credit unlawfully claimed during affected pay periods to be paid by

19

Defendant; (d) liquidated damages to be paid by Defendant; (e) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

## COUNT IV – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (On Behalf of Alberti and the Bartender 80/20 Collective)

120.    Plaintiff, Alberti, hereby re-alleges and re-avers Paragraphs 1 through 72 as though set forth fully herein.

121.    Plaintiff, Alberti, and all other similarly situated Bartenders are/were entitled to be paid the full federal minimum wage for all hours during which they were required to perform non-tip-producing duties and directly supporting duties in excess of 20% of their workweek.

122.    Defendant required Plaintiff, Alberti, and all other Bartenders to perform non-tip-producing and directly supporting duties — including opening and closing side work, stocking, cleaning, polishing glassware, restocking condiments and supplies, sweeping, and wiping down bar tops and tables— while being paid the tip-credit rate of $2.13 per hour.

123.    Under 29 C.F.R. § 531.56(e), an employer may not take a tip credit for directly supporting work exceeding 20% of the workweek. Defendant cannot claim a tip credit for those hours and must pay the full federal minimum wage for each such hour.

124.    Pursuant to 29 U.S.C. § 216(b), Plaintiff, Alberti, seeks to recover federal minimum wages for herself and the following similarly situated Bartender 80/20 Collective:

**Bartender 80/20 Collective: All Bartenders who worked for Defendant at Republic Garden and Lounge in South Carolina during the previous three (3) years who were paid a tip-credit wage and required to perform non-tip-producing or directly supporting duties exceeding 20% of their workweek.**

125.    Defendant has been in operation for several years and therefore knew or should have known that requiring its Bartenders to perform excessive non-tip-producing side work while paying a tip-credit rate was illegal and would cause an FLSA minimum wage violation.

126.    The Defendant had an obligation to investigate and review its policies concerning compliance with the dual-jobs regulations under the FLSA.

127.    Information concerning the applicability of these rules and regulations was publicly available to Defendant for no charge through the Department of Labor's website.

128.    Defendant either willfully chose not to comply with the FLSA and deliberately failed to pay the Bartender 80/20 Collective properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FLSA. As a result, Defendant either knew, or showed reckless disregard for, its obligations under the FLSA.

129.    Defendant's willful and/or intentional violations of the FLSA entitle Plaintiff, Alberti, and the putative collective members to an additional amount of liquidated, or double, damages.

130.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, Alberti, and the Bartender 80/20 Collective members have been damaged in the loss of federal minimum wages for one or more weeks of work during their employment with Defendant.

WHEREFORE, Plaintiff, ANGELICA ALBERTI, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, REPUBLIC REIGN, LLC, and award Plaintiff, Alberti, and all others similarly situated: (a) unpaid federal minimum wages to be paid by Defendant; (b) the tip credit unlawfully claimed by Defendant to be paid by Defendant; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and

21

litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

## <u>COUNT V – INDIVIDUAL CLAIM FOR UNPAID WAGES</u>
**(On Behalf of Alberti Individually)**

131. Plaintiff, Alberti, hereby re-alleges and re-avers Paragraphs 1 through 72 as though set forth fully herein.

132. Before receiving a formal offer of employment, Plaintiff, Alberti, was required by Defendant to complete an unpaid six-hour "audition" shift from approximately 9:00 p.m. to 3:00 a.m. on a Friday or Saturday night.

133. During this audition shift, Plaintiff performed productive work for the direct benefit of Defendant, including making drinks, bartending, engaging with customers, and performing bar duties.

134. Under the FLSA, an employer is required to pay employees for all hours it suffered or permitted them to work. 29 C.F.R. § 785.11. The fact that Plaintiff had not yet received a formal offer of employment does not relieve Defendant of its obligation to compensate Plaintiff for time spent performing productive work for Defendant's benefit.

135. Plaintiff, Alberti, was entitled to receive at least the federal minimum wage per hour for each of the six (6) hours she worked during the unpaid audition shift.

136. Defendant has been in operation for several years and therefore knew or should have known that requiring Bartenders to perform productive work during unpaid audition shifts was a violation of the FLSA.

137. The Defendant had an obligation to investigate and review its onboarding and pre-hire practices for compliance with the FLSA.

138.    Defendant either willfully chose not to comply with the FLSA and deliberately failed to pay Plaintiff, Alberti, for her audition shift, or failed to make an adequate inquiry into whether its conduct was in compliance with the FLSA. As a result, Defendant either knew, or showed reckless disregard for, its obligations under the FLSA.

139.    Defendant knew Plaintiff, Alberti, had performed work during the audition shift but willfully failed to pay Plaintiff, Alberti, the applicable minimum wage for those hours, contrary to the FLSA.

140.    As a direct and proximate result of Defendant's failure to pay wages, Plaintiff, Alberti, has been damaged in the loss of wages for the six hours worked during the unpaid audition shift.

141.    Defendant's willful and/or intentional violations of law entitle Plaintiff, Alberti, to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, ANGELICA ALBERTI, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, REPUBLIC REIGN, LLC, and award Plaintiff, Alberti: (a) unpaid minimum wages for the six-hour audition shift to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

### COUNT VI – FLSA RETALIATION
(On Behalf of Alberti Individually)

142.    Plaintiff, Alberti, hereby re-alleges and re-avers Paragraphs 1 through 72 as though set forth fully herein.

143.    Defendant employed Alberti as a Bartender from approximately May 12, 2025 through November 2, 2025 — a period of approximately five and one-half (5.5) months.

144.    Plaintiff never received any reprimands, suspensions, or other disciplinary action during her employment with Defendant.

145.    For approximately 1.5 months prior to her termination, Plaintiff raised verbal complaints to management objecting to the unlawful inclusion of managers and supervisors in the mandatory bartender tip pool.

146.    Plaintiff complained that requiring Bartenders to share tips with managers and supervisors was unlawful and advised that she intended to report this practice to the CEO.

147.    Plaintiff's complaints about the unlawful tip pool were made in good faith and in a sincere belief that Defendant's confiscation of Bartender tips for distribution to ineligible managers and supervisors constituted a violation of the FLSA. Plaintiff then explicitly stated her intention to report the violations to the CEO.

148.    Plaintiff's verbal complaints about Defendant's unlawful tip pool constitute protected activity under 29 U.S.C. § 215(a)(3).

149.    Defendant terminated Plaintiff on the morning of her scheduled meeting with the CEO.

150.    The temporal proximity between Plaintiff's protected activity and her termination is unusually strong and, standing alone, is sufficient to establish a causal connection between Plaintiff's protected activity and her termination

151.    Any other justification for Plaintiff's termination provided by Defendant is mere pretext, particularly given that: (a) Plaintiff had no prior disciplinary history; (b) the termination occurred within a short timeframe of the verbal complaint; and (c) the termination occurred the morning before Plaintiff's scheduled meeting with the CEO.

152.    Defendant has been in operation for several years and therefore knew or should have known that terminating an employee who submits a complaint about violations of the FLSA constitutes unlawful retaliation under federal law.

153.    The Defendant had an obligation to investigate and review its policies concerning the FLSA's anti-retaliation provisions.

154.    Defendant either willfully chose not to comply with the anti-retaliation provisions under the FLSA and deliberately terminated Plaintiff because she submitted complaints of FLSA violations, or showed reckless disregard for the pertinent regulations under the FLSA.

155.    As a direct and proximate result of Defendant's retaliatory termination, Plaintiff, Alberti, has suffered and continues to suffer lost back wages, lost front wages, and damages arising from emotional distress, embarrassment, and humiliation.

156.    Defendant's willful and/or intentional violations of the FLSA entitle Plaintiff, Alberti, to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, ANGELICA ALBERTI, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, REPUBLIC REIGN, LLC, and award Plaintiff, Alberti: (a) lost back wages to be paid by Defendant; (b) lost front wages to be paid by Defendant; (c) compensatory damages for emotional distress, embarrassment, and humiliation to be paid by Defendant; (d) liquidated damages to be paid by Defendant; (e) all reasonable attorney's fees and litigation costs permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ANGELICA ALBERTI, on behalf of herself and each collective, demands a trial by jury on all appropriate claims.

Respectfully submitted,

*/s/ Christopher C. Mingledorff*
Christopher C. Mingledorff
South Carolina Bar No. 100390
S.C. District Court Bar No. 12034
MINGLEDORFF LAW GROUP, LLC
100 Coastal Drive, Suite 210
Charleston, South Carolina 29492
chris@mlegalteam.com
(843) 377-8295 – Telephone
***Attorney for Plaintiff***

June 10, 2026
Charleston, South Carolina

26